**UNITED STATES of America,**

v.

**Kenneth GLOVER, Appellant.**

No. 01–3859.

United States Court of Appeals, Third Circuit.

April 25, 2002.

Before McKEE and FUENTES, Circuit Judges, and POGUE, Judge.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Defendant Kenneth Glover pled guilty to conspiring to travel in interstate commerce with the intent to promote marijuana distribution. The District Court for the District of Delaware sentenced him to thirty-four months in prison and to a three-year term of supervised release. On ap-peal, defendant claims that the District Court erred in computing his sentencing guideline level by including as "relevant conduct" drugs transported by a co-defen-dant. Because we conclude that the drugs transported by Glover's co-defendant are attributable to Glover as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines, we will affirm his sentence.

### I.

In May of 1999, defendant made two trips by commercial airline as a courier transporting marijuana from Arizona to Delaware. At the time, he had been living with William Carter, a Dover resident who had organized and directed the drug con-spiracy. Defendant concedes that he transported a total of approximately seventy pounds of marijuana from Arizona.

On May 26, 1999, the day defendant embarked on his second trip to Arizona, he and another courier, Tamara Brown, were driven to the Baltimore/Washington International Airport ("BWI") by Carter. They departed on separate flights but met together in Arizona with a co-conspirator who delivered suitcases of marijuana to them. On May 28, 1999, defendant and Brown returned to BWI with the marijuana, again on separate flights, and were both picked up from the airport by Glover's girlfriend, who drove them to Carter's house.

On January 8, 2001, defendant was indicted for conspiracy to distribute marijuana and conspiracy to travel in interstate commerce with the intent to promote marijuana distribution. He pled guilty to the conspiracy to travel charge on June 4, 2001. Prior to sentencing, defendant objected to the inclusion of the drugs transported to Delaware on May 28, 1999 by Brown as relevant conduct for purposes of his offense level computation. The court,

however, deemed the thirty-five pounds of marijuana transported by Brown as relevant conduct and assessed him responsibility for them.

On September 18, 2001, defendant was sentenced to thirty-four months in prison and to a three-year term of supervised release. Defendant now appeals.

## II.

The District Court had subject matter jurisdiction of this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291and 18 U.S.C. § 3742(a). We exercise plenary review of a district court's application and interpretation of the United States Sentencing Guidelines. See *United States v. Evans,* 155 F.3d 245, 252 (3d Cir.1998). When a district court's factual finding concerning sentencing issues is in dispute, we review that finding for clear error. *Id.*

## III.

Under the United States Sentencing Guidelines, the base offense level in drug cases correlates to the amount of drugs that is attributable to a defendant. U.S.S.G. § 2D1.1(c). For a defendant convicted of conspiring to distribute drugs, the base offense level "depends upon the amount of drugs deemed 'relevant' to the offense." *United States v. Collado,* 975 F.2d 985, 989 (3d Cir.1992). Section 1B1.3 of the Guidelines addresses the meaning and applicability of "relevant conduct." In pertinent part, it provides:

[T]he base offense level ... shall be determined on the basis of the following:

(1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]

U.S.S.G. § 1B1.3(a)(1).

After considering the facts and circumstances of this case, the District Court concluded that the drugs transported by Brown constituted "relevant conduct" under the Guidelines and factored them into its calculation of defendant's sentence. On appeal, defendant argues that there was an insufficient factual basis to support the court's decision to assess responsibility to him for the thirty-five pounds of marijuana transported by Brown.

After reviewing the factual record of this case and the "relevant conduct" provisions of the Sentencing Guidelines, we conclude that the drugs transported by Brown are properly attributable to defendant for sentencing purposes. Not only is there ample support in the record to establish that defendant aided and abetted Brown under § 1B1.3(a)(1)(A), but it is also evident that Brown's acts were reasonably foreseeable by defendant and in furtherance of a jointly undertaken criminal activity under § 1B1.3(a)(1)(B). Thus, we find that the District Court did not err by including the marijuana transported by Brown in its calculation of defendant's sentence.

## IV.

For the reasons stated above, we will affirm defendant's sentence.